UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

JAMIE WEIRAUCH,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Case No. 1:18-cv-303
                                  )
COMMISSIONER OF                   )        Honorable Robert J. Jonker
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )
——————————————————)

## **REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3),

seeking review of a final decision of the Commissioner of Social Security, finding that

plaintiff was not entitled to disability insurance benefits (DIB) and supplemental

security income (SSI) benefits.  In May 2015, plaintiff filed her applications for DIB

and SSI benefits.  She alleged a May 25, 2014, onset of disability. (ECF No. 7-6,

PageID.267, 274).  Plaintiff's claims were denied on initial review.  (ECF No. 7-4,

PageID.154-67).  On April 10, 2017, plaintiff received a hearing before the ALJ.  (ECF

No. 7-2, PageID.68-118).  On June 7, 2017, the ALJ issued her decision finding that

plaintiff was not disabled.[1]  (Op., ECF No. 7-2, PageID.53-63).  On January 29, 2018,

the Appeals Council denied review (ECF No. 7-2, PageID.39-41), rendering the ALJ's

decision the Commissioner's final decision.

---

[1] All citations to regulations herein are to the versions in effect on the date of the
ALJ's decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision.  Plaintiff argues that the Commissioner's decision should be overturned on the following ground:

> The ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the residual functional capacity and erred in not considering the combined impact thereof.

(Plf. Brief at 1, ECF No. 11, PageID.980).   For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   The scope of the court's review is limited. *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.   *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"   42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists

in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through June 30, 2017.  (Op. at 3, ECF No. 7-2, PageID.55). Plaintiff had not engaged in substantial gainful activity on or after May 25, 2014, the alleged onset date.  (*Id.*).  Plaintiff had the following severe impairments:  "right shoulder bursitis, rotator cuff tendinitis, and osteoarthritis; cervical radiculopathy with nerve root contact status post cervical discectomy and interior cervical decompression fusion; sciatica; migraines; seizures; demyelinating disease; and asthma." (*Id.*).  Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment.  (*Id.* at 5, PageID.57).  The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> she requires [a] sit/stand option at will, but will not be off task for more than 10% of the workday.  She can occasionally perform rotation, flexion, and hyperextension of the neck.  The claimant can occasionally overhead reach, balance, and crouch.  She is unable to climb ladders, ropes, or scaffolds or perform work around moving machinery or unprotected heights.   The claimant must avoid concentrated exposure to environmental irritants, such as fumes, odors, dust, [g]asses; poorly ventilated areas; extreme cold and heat; and humidity.

(Op. at 7, ECF No. 7-2, PageID.59).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 8, PageID.60). Plaintiff could not perform any past relevant work. (*Id.* at 9, PageID.61).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 257,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 7-2, PageID.110-12). The ALJ found that this constituted a significant number of jobs, and he found that plaintiff was not disabled. (Op. at 10-11, ECF No. 7-2, PageID.62-63).

## Discussion

Plaintiff's claim of error is that the ALJ failed to incorporate limitations from all plaintiff's medically determinable impairments, both severe and non-severe, and failed to consider the combined effect of plaintiff's impairments in making her RFC finding. (Plf. Brief at 8, ECF No. 11, PageID.987). Specifically, plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it does not include "handling and fingering limitations." (*Id.* at 9, PageID.988).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ,

an ALJ's RFC determination must be supported by substantial evidence.  *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).  The ALJ considered all plaintiff's impairments, including her non-severe impairments and the combined effects of plaintiff's impairments, in making her factual finding regarding plaintiff's RFC.  (Op. at 2-3, 7, ECF No. 7-2, PageID.54-55, 59).

Plaintiff cites diagnoses of "cervical radiculopathy, neck spine surgery, bilateral shoulder problems, bilateral carpal tunnel syndrome with median nerve entrapment" (Plf. Brief at 9, ECF No. 11, PageID.988), but she provides no developed argument how diagnoses would necessitate the suggested limitations regarding handling and fingering.  "[N]ot every diagnosable impairment is necessarily disabling."  *Lee v. Commissioner*, 529 F. App'x. 706, 713 (6th Cir. 2013).  The mere diagnosis of a condition says nothing about its severity or its impact on plaintiff's functional limitations.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

No treating or examining physician offered an opinion that plaintiff required handling or fingering limitations.  The absence of such opinions is substantial evidence supporting the ALJ's decision not to include handling and fingering restrictions in her RFC finding.  *See Morrison v. Commissioner*, No. 16-1360, 2017 WL 4278378, at *3 (6th Cir. Jan. 30, 2017).  Plaintiff's treating neurosurgeon indicated that two months after back surgery plaintiff could lift up to fifty pounds. (ECF No. 7-10, PageID.501, 559).  In addition, Larry Jackson, M.D., a non-examining State agency consultant, reviewed the medical records and offered his opinion that plaintiff did not have any manipulative limitations.  (ECF No. 7-3, PageID.132).  Dr.

Jackson also opined that plaintiff retained the RFC for work at the medium exertional level. The ALJ gave Dr. Jackson's opinion partial weight, but she found that plaintiff was limited to light work. (Op. at 9, ECF No. 7-2, PageID.61).

Plaintiff also cites her hearing testimony. (Plf. Brief at 9, ECF No. 11, PageID.988) (citing ECF No. 7-2, PageID.93-94, 102). Plaintiff's testimony does not undermine the substantial evidence supporting the ALJ's factual finding regarding her RFC. Plaintiff testified that she did not have left hand or arm problems. (ECF No. 7-2, PageID.94). The ALJ considered her testimony regarding right arm pain and limited fingering ability. (Op. at 7-8, ECF No. 7-2, PageID.59-60). The ALJ found that plaintiff's statements were not entirely consistent with the medical evidence and the other evidence of record and she did not include a fingering and handling limitation in her RFC finding. (*Id.* at 8-9, PageID.59-60). The ALJ noted that her RFC finding was "not based upon [plaintiff] being pain-free, but rather [was] based on her ability to do work activities on a sustained basis despite limitations, such as pain, from her impairments." (*Id.* at 9, PageID.60).

Plaintiff has not shown a lack of substantial evidence supporting the ALJ's finding regarding her subjective symptoms. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see also Morrison v. Commissioner*, 2017 WL 4278378, at *4 ("[E]ven if this evidence could support the findings urged by [plaintiff], we cannot overturn the ALJ's decision on that basis so long as there is substantial evidence in the record to support that decision."). Evaluation of a claimant's

subjective complaints remains peculiarly within the province of the ALJ.  *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Jones v. Commissioner*, 336 F.3d 469, 476 (6th Cir. 2003) ("[T]he ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."); *Buxton*, 246 F.3d at 773 ("The ALJ's findings . . .  are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints.").  The statutory substantial evidence standard remains a "highly deferential standard of review."  *Ulman*, 693 F.3d at 714.  Claimants challenging the ALJ's findings in the evaluation of subjective symptoms continue to face an "uphill battle."  *See Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).

The ALJ gave an adequate explanation and her findings regarding plaintiff's RFC are supported by substantial evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: December 5, 2018          /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).