UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE WEIRAUCH,

        Plaintiff,

v.

                              CASE NO. 1:18-CV-303

                              HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 16) and Plaintiff's Objection to it (ECF No. 17). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**PLAINTIFF'S OBJECTION**

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. Plaintiff's Objection to the recommendation is perfunctory. The only references to the Magistrate's analysis is a statement that "Plaintiff objects to the Magistrate's reasoning, report, and recommendation in relation thereto as more fully set forth below." (ECF No. 17, PageID.1019). The remainder of the objection merely repeats, nearly verbatim, the argument in Plaintiff's initial brief. As the Magistrate Judge cautioned, "[g]eneral objections do not suffice." (ECF No. 16, PageID.1015). Nevertheless the Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection to it. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because it fails to include handing and fingering restrictions that are necessary given her severe and non-severe impairments. As the Magistrate Judge properly recognized, the mere diagnosis of a condition says nothing about its severity. Moreover, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (quoting *Yang v. Comm'r of Soc. Sec.*, No. 00-10046-BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004)). No physician, treating or otherwise, opined that Plaintiff required handling and fingering limitations, and the Court agrees with the Magistrate Judge that the absence of such an opinion is substantial evidence supporting the ALJ's decision not to include the limitation in the RFC.

The only evidence that Plaintiff points to in support of a handling and fingering limitation is her testimony during the hearing. As Magistrate Judge Green correctly recognized, these allegations were found to be less than fully credible by the ALJ because they were inconsistent with the objective medical evidence. That determination is supported by substantial evidence. Accordingly, Plaintiff fails to demonstrate the ALJ acted outside the "zone of choice" that is accorded ALJs at this stage of review. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).[1]

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 16) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**

A separate Judgment shall issue.

Dated:     December 26, 2018              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even if the ALJ should have included handling and fingering limitations, the vocational expert testified that there would still be a significant number of jobs available with an occasional reaching, handling and fingering restriction added to the ALJ's RFC hypothetical. (ECF No. 7-2, PageID.114-115).